UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER D. COLBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-00150-VEH-SGC |
| | ) |
| JIM LOWERY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report on October 31, 2017, recommending this action be dismissed without prejudice for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). (Doc. 6). Plaintiff filed objections on December 6, 2017. (Doc. 10).

The magistrate judge concluded that Plaintiff's claims of excessive force by defendants Pigg, Snow, and Parker on February 24, 2003, are barred by the two-year statute of limitations because he did not file his complaint until January 21, 2017. (Doc. 6 at 5-7).[1] In his objections, Plaintiff alleges for the first time that he submitted a civil rights complaint form to this district court on or before August 29, 2003, in which he alleged the defendants used excessive force against him when they shot him. (Doc. 10 at 1-2, 7-8). Plaintiff reasons that either the Jefferson County Jail

---

[1] Citations refer to the document and page numbers assigned by the CM/ECF system.

deputy on duty failed to mail his complaint or the court "did not accept" his complaint once it arrived at the courthouse. (*Id*. at 2). Plaintiff argues that since he completed the complaint on or before August 29, 2003, his claims are not barred by the statute of limitations. (*Id*. at 4). Plaintiff also argues he is entitled to equitable tolling. (*Id*. at 5, 7).

Under the prisoner mailbox rule, a *pro se* prisoner's filing is considered to be filed on the date the prisoner delivers the filing to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988). The Eleventh Circuit extended the prisoner mailbox rule to the filing date of a complaint by a *pro se* prisoner under 42 U.S.C. § 1983 and the Federal Tort Claims Act. *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir. 1993).

In *Allen v. Culliver*, 471 F.3d 1196 (11th Cir. 2006), the Eleventh Circuit found the district court erred in its assumption that a *pro se* prisoner delivered a timely notice of appeal to the prison's system for legal mail when it did not examine whether the prisoner exercised diligence in following up with court officials. *Allen*, 471 F.3d at 1198. The Eleventh Circuit remanded the case to the district court with instructions to make a finding of fact whether the prisoner delivered the notice of appeal to prison authorities and when. *Id*. In determining whether the prisoner delivered his filing to prison authorities, the Court explained that the district court "may take into account

any and all relevant circumstances, including any lack of diligence on the part of [the prisoner] in following up in a manner that would be expected of a reasonable person in his circumstances." *Id*. The Eleventh Circuit has further explained:

> A district court cannot negate the prison mailbox rule by finding a prisoner did not show diligence in following up on his filing *if* the prisoner actually gave the filing to prison authorities when it was dated. However, in deciding whether a filing was in fact ever delivered to prison authorities, a court can consider whether the prisoner exercised the diligence "expected of a reasonable person in his circumstances" in following up on a purported filing.

*Jeffries v. U.S.*, 748 F.3d 1310, 1315 (11th Cir. 2014) (citing *Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir. 2006)) (emphasis in original).

The court finds no basis for Plaintiff's claim that he mailed his original complaint on or before August 29, 2003. A reasonable person would have taken steps to ensure a court received his complaint before thirteen (13) years passed. Plaintiff fails to demonstrate that he took any steps whatsoever to determine the status of his complaint during this time. *See Edwards v. Apple Computer, Inc.*, 645 Fed. App'x 849, 851 (11th Cir. 2016) (finding a *pro se* prisoner took no steps to ensure his claim was docketed before 33 months passed). Additionally, Plaintiff is not entitled to equitable tolling, which requires a plaintiff to demonstrate that "he acted with reasonable diligence" and that "some extraordinary circumstance stood in his way and

3

prevented timely filing." *San Martin v. McNeil*, 633 F.3d 1257, 1269 (11th Cir. 2011) (citation and quotations omitted).

The court further finds Plaintiff's claim that he filed a complaint on or before August 29, 2003, directly conflicts with his sworn complaint. The form complaint, completed by the plaintiff on January 21, 2017, required Plaintiff to submit information concerning previous lawsuits. Specifically, Plaintiff was asked whether he filed other lawsuits in state or federal court dealing with the same facts involved in this action. (Doc. 1 at 10). Plaintiff responded yes. (*Id.*). The form complaint further stated that, if Plaintiff responded yes, he must set forth: (1) the parties to the previous lawsuit; (2) the court where the lawsuit was filed; (3) the docket or index number; (4) the judge assigned to the case; (5) the approximate date the lawsuit was filed; (6) whether the case is still pending; and (7) the result of the case, if any. (*Id.*). Plaintiff was informed that if there was more than one lawsuit, he should describe the additional lawsuits on another page. (*Id.*).

Plaintiff listed only his criminal cases and related Rule 32 proceedings filed in Jefferson County Circuit Court as previous lawsuits he has filed dealing with the same facts involved in this action. (Doc. 1 at 10). Plaintiff did not list a civil case against the named defendants, filed on or before August 29, 2003, in this court or any

other federal court.[2] Accordingly, the court finds that Plaintiff's complaint was filed after the two-year statute of limitations and his excessive force claims are time-barred.

Additionally, Plaintiff does not address the magistrate judge's conclusion that *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), bars his claims that he is actually innocent of attempted murder and was wrongfully convicted after the defendants planted evidence at the crime scene, testified falsely during his criminal trial, and intimidated potential witnesses as a successful outcome in the present action would necessarily imply the invalidity of his convictions. Plaintiff also fails to address the magistrate judge's finding that his request for release must be brought in a petition for habeas corpus, rather than under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Based on the foregoing, Plaintiff's complaint is due to be dismissed for failing to state a claim upon which relief can be granted.

Plaintiff has also moved to amend his complaint against the defendants. (Doc. 9). It is well settled that motions to amend are addressed to the sound discretion of the trial judge. *See, e.g., Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988); *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). While that discretion is

---

[2] Plaintiff signed his complaint under penalty of perjury. (Doc. 1 at 11). Plaintiff's objections are not signed under penalty of perjury. (Doc. 10 at 9).

tempered by the proviso of Fed. R. Civ. P. 15(a)(2) that "[t]he court should freely give leave when justice so requires," it is clear that "a motion to amend may be denied on numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (citation and quotation marks omitted). Additionally,

> courts may consider such factors as the amount of time and opportunities the movant has had to seek leave to amend, whether the proposed amendment is such that [it] could have been added shortly after the complaint was filed, whether allowance of the proposed amendment would . . . [require] additional discovery, whether the movant has attempted to justify any delay, and whether the impetus behind the filing of the motion was the prior filing of a motion for summary judgment after full discovery.

*O'Brien v. Union Oil Co.*, 699 F. Supp. 1562, 1571 (N.D. Ga. 1988).

In his motion to amend, Plaintiff restates his claims that the defendants violated his constitutional rights when they "suppress[ed] and withh[e]ld evidence," planted a gun near him, filed false incident reports, and "fabricat[ed]" their testimony during trial. (Doc. 9 at 2, 3). Plaintiff further contends a former Birmingham Police Officer has recently come forward with information that will corroborate his claims.[3] (*Id.* at

---

[3] Plaintiff gives conflicting statements regarding when this former Birmingham Police Officer conveyed information supporting his claims. Specifically, Plaintiff states in his motion to amend, "On or before January 21, 2017, the plaintiff [d]iscovered that a retired B.P.D. officer made a statement to his new attorney about the shooting done by the officers on February 24, 20[03]." (Doc. 9 at 3). However, in his objections, dated November 24, 2017, Plaintiff states, "Not until recently, about a month ago, Plaintiff [d]iscovered that a retired 30-year veteran of the Birmingham Police Dept. from the North Birmingham precinct, made a statement to plaintiff's attorney." (Doc.

6

3). Plaintiff's claims that he was wrongfully convicted of attempted murder after the defendants tampered with evidence, testified falsely at trial, and intimidated potential witnesses are subject to dismissal under *Heck* because recovery of damages would contradict his attempted murder convictions, which have not been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1997); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Thus, leave to allow Plaintiff to amend his complaint to allege these same claims is **DENIED** as futile.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the magistrate judge's report is **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b)(1), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

A Final Judgment will be entered.

**DONE** this the 18th day of January, 2018.

                                                        _/s/ Hopkins_
                                          **VIRGINIA EMERSON HOPKINS**
                                          United States District Judge

---

10 at 2).